IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LEE MARSHALL, | : | |
| Plaintiff | : | |
| VS. | : | NO. 7:06-CV-35 (HL) |
| RENAE KELLY; TERRY POOLE; TIFT COUNTY LAW ENFORCEMENT CENTER, | : | **PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **MICHAEL LEE MARSHALL**, a pre-trial detainee the Tift County Law Enforcement Center in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated May 9, 2006, the Court granted his application to proceed *in forma pauperis* and ordered plaintiff to pay a initial partial filing fee. Plaintiff has paid the initial partial filing fee as ordered.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two

elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that Officer Poole intentionally slammed plaintiff's right middle finger in his cell door. Plaintiff states that Officer Poole then lied to Corporal Kelly regarding what happened to plaintiff's finger. As a result, Corporal Kelly placed plaintiff in solitary confinement for seventy-two hours. Plaintiff states that when he sought information regarding why he was placed in solitary confinement, Corporal Kelly made him remain in solitary confinement for two more days.

Plaintiff states that his right middle finger is still causing him a lot of pain and he can no longer use his right hand.

Plaintiff has named the Tift County Law Enforcement Center as a defendant. However, this is not an entity that is subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For this reason, the Undersigned **RECOMMENDS** that Tift County Law Enforcement Center be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 22nd day of May, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb