IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MICHAEL LEE MARSHALL,

   Plaintiff,

vs.

RENAE KELLY and TERRY POOLE,

   Defendants.

Civil Action File No.
**7:06-CV-35 (HL)**

## RECOMMENDATION

   Presently pending in this *pro se* §1983 action is defendant's motion to dismiss the complaint or in the alternative motion to compel plaintiff to participate in a deposition. (Doc. 16). By an order dated May 22, 2006 (doc. 6), the undersigned specifically provided that

> the deposition of the plaintiff, a state-county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements have been made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

   According to the affidavit filed by defendants' attorney, he sent a notice to plaintiff notifying plaintiff that his deposition had been scheduled for October 4, 2006. (Exhibits A and B, doc. 16). At the deposition, plaintiff acknowledged receipt of both the court's order allowing for the deposition, and receipt of defendants' notice to take his deposition; however, plaintiff refused to be sworn at the deposition or answer any questions regarding the claims he makes in this lawsuit.

   The undersigned gave plaintiff notice of defendants' motion to dismiss. Plaintiff has filed a response to the motion (doc. 20). Plaintiff's one page response is that he opposes the motion to dismiss because he "returned Mr. Langstaff's deposition in writing... the information Mr.

Langstaff seeks ... is irrelevant to the case......my finger is deformed and will remain that way for the rest of my life because of Mr. Poole's irresponsible actions on the night of April 28, 2006."

Rule 37(d) of the Federal Rules of Civil Procedure provides in part:

> If a party.....fails... to appear before the officer who is to take the deposition, after being served with proper notice....the court in which the action is pending on motion may make such order in regard to the failure as are just, and among other it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this Rule.

Subparagraph (C) of subdivision (b)(2) of Rule 37 provides that the court may "dismiss the action..."

Plaintiff has failed to provide any adequate reason for refusing to be sworn and answer questions about the allegations contained in this lawsuit. Plaintiff specifically acknowledged receipt of both the undersigned's order that warned plaintiff that refusal to cooperate with a deposition could result in the dismissal of this lawsuit and defendants' notice of the taking of the deposition. Plaintiff has failed to come forward with any reasonable justification for such refusal. Plaintiff in this action is *pro se*, and as such sanctions such as attorney costs are not an effective method for sanctions.

The plaintiff, not the defendants, elected to file this lawsuit, and by doing so, plaintiff subjected himself to the discovery processes. Discovery, including depositions, is routine and commonplace in virtually all civil litigation and is contemplated by the Federal Rules of Civil Procedure, which clearly apply to *pro se* prisoner plaintiffs as evidenced in Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).

Inasmuch as the plaintiff is a *pro se* prisoner the court is very limited in the sanctions it can impose for failure to follow a court order or to give discovery other than to dismiss plaintiff's case.

The undersigned also notes that dismissal may be appropriate under Rule 41(b) for plaintiff's failure to comply with the court order providing for plaintiff's deposition at any time. As the 11th Circuit has noted in <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989), "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."

Accordingly, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure be **GRANTED**, and that plaintiff's complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the United States District Judge to whom this case is assigned, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of July, 2007.

      //S Richard L. Hodge
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE

msd